20

NIAN KUNG NI, a.k.a. Ni Liang Kong, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–4663–ag.

United States Court of Appeals, Second Circuit.

May 14, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Ann Carroll Varnon, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Nian Kung Ni, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA denying his motion to reopen his deportation proceedings. *In re Nian Kung Ni*, No. A28 779 071 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006). When the BIA denies a motion to reopen, we review that decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The Immigration and Nationality Act ("INA") provides that an individual may file only one motion to reopen, and that such motion must be filed within ninety days of the issuance of a final administrative order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). These limitations do not apply, however, when an individual files a motion to reopen to apply for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Ni's motion to reopen was untimely and numerically barred, inasmuch as it was his second motion, and it was filed with the BIA in May 2007, more than six years after the BIA's final order affirming the IJ's denial of relief.

We conclude that the BIA did not abuse its discretion. To overcome the time and numerical bars, Ni argues that he qualifies for an exception to those limitations because he submitted evidence of changed country conditions in China, namely, the recent enactment and implementation of the family planning policy. Our review of the BIA's conclusions with respect to evidence of country conditions in China is highly deferential. As we have said, "deference is owed to the specialized knowledge of an IJ acting in his agency capacity." *See Hoxhallari v. Gonzales*, 468 F.3d 179, 186–87 (2d Cir.2006).

In support of his motion, Ni submitted various documents meant to establish an increase in China's enforcement of the family planning policy. Contrary to his assertions, however, the record does not suggest that the BIA ignored this evidence. *Cf. Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006). Ni provided a statement from the Administrative Office of the National Population and Family Planning Committee indicating that a Chinese national named "Zheng, Yu He" could be subjected to the family planning laws, and that the births of his children could be considered "illegal." The BIA properly noted, however, that this document "does not offer any new information regarding enforcement of the family planning law but merely reaffirms information presented in the 2003 Administration Decision of the Fujian Province Department of Family Planning Administration," which it had already considered. To the extent that this document is one that the BIA is asked to consider "time and again," we find no abuse of discretion in the agency's conclusion that it failed to provide support for Ni's claim. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006).

Ni also submitted a question and answer document purportedly issued in 1999 by the Chang Le City Family Planning Office in Fujian Province. Like the Zheng Yu He "inquiry," the BIA has already considered this document and found that it failed to establish changed country conditions in China, and that it does not indicate that sterilization would be "forced" within the meaning of 8 U.S.C. § 1101(a)(42). *In re S–Y–G*, 24 I. & N. Dec. 247, 257 (2007). Because the BIA has analyzed this document before, its decision to give it only brief consideration in Ni's case was not an

abuse of discretion. *See Wei Guang Wang,* 437 F.3d at 275.

Ni also submitted the Congressional testimony of demographer John Aird, to which the BIA assigned no probative value because it does not relate specifically to Ni and fails to demonstrate a change in country conditions in China. We have previously upheld the BIA's summary rejection of a similar document issued by Aird, albeit in affidavit form, finding that the BIA may summarily dispose of such evidence, which it is often asked to review, without abusing its discretion. *See id.* at 275. The BIA further properly noted that Ni's affidavit alleging that his mother told him that others from his home village had been forced to undergo sterilization based on the birth of two children, does not amount to evidence of changed conditions in China. Indeed, Ni fails to show how his affidavit, or any of the documents above, support his assertion that the implementation of the family planning law in China had changed. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA did not abuse its discretion in denying Ni's motion to reopen.

Because the BIA's finding that Ni failed to demonstrate changed country conditions is dispositive of his case, *see* 8 C.F.R. § 1003.2(c)(3)(ii), it is unnecessary for us to consider his argument that he established *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.